DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.L.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4649

[June 15, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elijah Williams, Judge; L.T. Case No. 14001084DLA.

Carey Haughwout, Public Defender, and Jonathan Dodson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant J.L, a child, was found guilty of attempted burglary of an occupied dwelling. The trial court withheld adjudication and placed him on probation. Because the trial court erred in admitting out-of-court statements made by Appellant's friend and alleged accomplice, we reverse and remand for a new trial.[1]

**Background**

In February of 2014, Appellant and a friend skipped school and were wandering around a neighborhood within walking distance of their homes. Because their activity and presence in the area on a school day was suspicious, two officers in an unmarked car began to watch them. When the juveniles entered a fenced property, the officers began to follow on foot.

A citizen passerby saw the officers and then saw the juveniles standing behind some bushes. Realizing that the officers were likely looking for the

---

[1] Appellant's second issue is therefore moot.

juveniles, he pretended to be an officer himself and ordered the juveniles to get on the ground.  The actual officers arrived shortly thereafter and the two young men were arrested.

At the police station, Appellant's friend was interviewed and made various statements incriminating Appellant, including that Appellant was going into the house inside the fenced property and that he told the friend to be his lookout.  The interview was videotaped.

At Appellant's trial for attempted burglary, the State introduced the testimony of one of the officers who found Appellant, the citizen passerby, and the homeowner.  The State also called Appellant's friend and the detective who conducted the friend's interview.  During the friend's testimony, he indicated that he did not recall saying specific things to the detective, although he did recall giving a statement.  The State called the detective immediately after the friend's testimony and sought to use her to introduce the recording of the friend's out-of-court statements.

Appellant objected on hearsay grounds and also indicated that using the statements as impeachment evidence would be improper.  The State and court clarified that the evidence was being used for its substantive purpose and not as impeachment.  The court overruled the hearsay objection and admitted the friend's prior statements.  This ruling is the basis of Appellant's appeal of his conviction on the charge of attempted burglary of an occupied dwelling.

## Analysis

This Court reviews the admission of evidence for an abuse of discretion, where discretion is limited by the rules of evidence. *J.B. v. State*, 166 So. 3d 813, 815 (Fla. 4th DCA 2014).  "Except as provided by statute, hearsay evidence is inadmissible."  § 90.802, Fla. Stat. (2014).  The State argues on appeal that the out-of-court statements made by Appellant's friend were an "identification of a person made after perceiving the person," which is excluded from the definition of hearsay under section 90.801(2)(c), Florida Statutes.

The statements, however, went far beyond mere "identification," and in fact described the two individuals' activities for the entire day leading up to Appellant's arrest.  Twenty pages of transcript covering topics from the pair's meal at McDonald's to their eventual detention by a citizen passerby can hardly be said to be simply an identification of a person.  *See State v. Richards*, 843 So. 2d 962, 967 (Fla. 3d DCA 2003) ("The substance of the [out-of-court statement sought to be introduced] goes beyond being a

2

statement of identification . . . ."). We therefore find no merit in the State's argument that the friend's statements, if introduced for the truth of the matter asserted, were not hearsay.[2]

As a fallback position, the State attempts to characterize the statements as impeachment rather than as substantive. However, the State's clear position at trial was that the statements were being admitted as substantive evidence. When this is the position taken at trial, we are unable to accept an argument on appeal that the statements were actually used to impeach. *Ellis v. State*, 622 So. 2d 991, 996 (Fla. 1993).

Even if we were to look beyond the State's position at trial, we still would conclude that the statements were introduced as substantive evidence rather than merely as impeachment evidence. We do not read the transcript as indicating that the friend was "fabricating [his] lack of recollection." *Brooks v. State*, 918 So. 2d 181, 202 (Fla. 2005). In the absence of a finding by the trial court that might have been based on some mannerism or tone of voice not captured by the transcript, the record before this Court simply does not indicate an inconsistency. *See id.* at 200 ("[A] witness's inability to recall making a prior statement is not synonymous with providing trial testimony that is inconsistent with a prior statement.").

Finally, in light of the State's closing argument where it again insisted on the value of the friend's out-of-court statements as substantive evidence, the State has failed to meet its burden of showing that the error described above did not contribute to Appellant's conviction. *State v.*

---

[2] Although the State does not argue this issue, we also note that the recorded recollection exception to hearsay codified at section 90.803(5), Florida Statutes, does not apply. The friend did eventually testify that he remembered making the statements, which that exception requires in most cases along with testimony that the recorded statements were true at the time made. *See Polite v. State*, 116 So. 3d 270, 279 (Fla. 2013). The friend did not remember precisely what details he relayed to the detective. However, at the time of the trial, he did not "lack[] sufficient memory [of the crime itself] to testify on the matter." *Id.* at 275. *C.f. Kimbrough v. State*, 846 So. 2d 540, 542 (Fla. 4th DCA 2003) ("[The witness] claimed to know nothing about the incident."); *Hernandez v. State*, 31 So. 3d 873, 878 (Fla. 4th DCA 2010) ("To be admitted into evidence, the past recollection recorded must be offered by the witness who is either devoid of a present recollection, or possessed of an imperfect present recollection and desires to use a memorandum or a past recollection."); § 90.803(5), Fla. Stat. ("A memorandum or record concerning a matter about which a witness once had knowledge, but now has insufficient recollection to enable the witness to testify fully and accurately . . . .").

*DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

## Conclusion

Because the friend's out-of-court statements were introduced for the truth of the matter asserted, and because they did not fall under any exclusion or exception to the hearsay rule, their admission into evidence was reversible error. We reverse and remand for a new trial.

*Reversed.*

WARNER and CONNER, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***